IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STANISLAW MUSZINSKI,                )<br>                                                             )<br>            Petitioner,                          )<br>                                                             )<br>     vs.                                               )<br>                                                             )<br>LARRY SMALL, Warden,                  )<br>                                                             )<br>            Respondent.                      )<br>_____ ) | No. C 08-4244 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Doc # 4) |

Petitioner, a state prisoner incarcerated at Calipatria State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks appointment of counsel and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury in the Santa Clara County Superior Court of aggravated child endangerment, attempted murder and aggravated arson. The jury further found that he inflicted great bodily injury on the child. On February 25, 2000, petitioner was sentenced to life with the possibility of parole for attempted murder plus a three-year enhancement for inflicting great bodily injury. The court also imposed a consecutive 10-year term for aggravated arson

and a four-year middle term for child endangerment plus a three-year enhancement for great bodily injury, but stayed execution of the enhanced term for child endangerment.

On July 26, 2002, the California Court of Appeal concluded that there was insufficient evidence to support the conviction for aggravated arson and reduced that conviction to the lesser included offense of simple arson causing great bodily injury and remanded the matter to the trial court for resentencing.

On October 16, 2002, the Supreme Court of California denied review.

On December 11, 2002, on remand, the trial court imposed a consecutive seven-year middle term for simple arson and reinstated the rest of the sentence as previously imposed.

On December 19, 2003, the California Court of Appeal stayed the term for simple arson and affirmed the judgment as modified.

On January 26, 2005, petitioner began seeking habeas relief from the state courts until the Supreme Court of California denied his final state habeas petition on August 13, 2008. The instant federal petition followed shortly thereafter.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.     Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including denial of a continuance so petitioner could be represented by newly-retained counsel or himself, ineffective assistance of counsel, insufficiency of the evidence and instructional error. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

C.     Request for Appointment of Counsel

Petitioner's request for appointment of counsel is DENIED without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner adequately presented his claims for relief in the petition and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The court will appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     Petitioner's request to proceed in forma pauperis (doc # 4) is GRANTED.

2.     The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the

1 | Attorney General of the State of California.  The clerk also shall serve a copy of
2 | this order on petitioner.
3 |       3.    Respondent shall file with the court and serve on petitioner, within
4 | 60 days of the issuance of this order, an answer conforming in all respects to Rule
5 | 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
6 | habeas corpus should not be granted.  Respondent shall file with the answer and
7 | serve on petitioner a copy of all portions of the state trial record that have been
8 | transcribed previously and that are relevant to a determination of the issues
9 | presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

      4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

      5.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  Dec. 18, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.08\Muszynski, M1.osc.wpd      4